IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD JONES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-0794-N (BT) |
| | § | |
| MAURICE AGUILAR, ET AL. | § | |
| | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Leonard Jones's *pro se* complaint. ECF No. 3. For the following reasons, the Court should dismiss the complaint under Fed. R. Civ. P. 41(b).

**Background**

Jones filed a complaint alleging Defendants violated his civil rights. The Court gave Jones leave to proceed *in forma pauperis*. ECF No. 6. On April 14, 2022, the Court issued Jones a Magistrate Judge Questionnaire (MJQ) so that he could clarify his claims. ECF No. 8. The MJQ specifically instructed Jones to file his response within 30 days of the date it was issued, which fell on May 16, 2022.[1] To date, however, Jones has not responded to the MJQ.

---

[1] The thirtieth day after April 14, 2022, excluding the date the order was issued, fell on Sunday May 15, 2022. Under Federal Rule of Civil Procedure 6, however, when computing time specified in a court order in which the pertinent period is stated in days, if the last day of the period is a Saturday

## Legal Standards and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Jones's response to the MJQ was due on Monday May 16, 2022, but, to date, he has not filed any response. Nor has he sought an extension. A response to the MJQ is necessary for the Court to effectively screen Jones's case: he sues 14 defendants based on vague and conclusory allegations without any attempt to connect the named defendants to the allegations. *See* ECF No. 3 at 3-4. The allegations also appear to attack state court child support orders and child support proceedings, so there are potential jurisdictional issues. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2005) (noting that the *Rooker-Feldman* doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts").

---

or Sunday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* FED. R. CIV. P. 6.

Without a response to the MJQ, the Court cannot meaningfully assess its jurisdiction or determine whether Jones states any cognizable claims. Accordingly, Jones's complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

## Conclusion

The Court should dismiss the complaint with prejudice under Fed. R. Civ. P. 41(b).

Signed May 27, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).